possession with intent to distribute heroin. While it is true that "mere presence at the location of contraband does not establish possession," *United States v. Rodriguez,* 392 F.3d 539, 548 (2d Cir.2004), we have held that, where a defendant is admitted to an apartment in which large drug quantities are being packaged in plain view and is "left in complete control over it and its contents . . . . a jury could have reasonably concluded that [the defendant] was a member of [the] narcotics organization and possessed the heroin found in the apartment." *United States v. Gordils,* 982 F.2d 64, 72 (2d Cir.1992); *see also United States v. Soto,* 959 F.2d 1181, 1185 (2d Cir.1992).

 It is quite possible, though we cannot be sure, that the possession conviction, and the quantity of drugs that were in plain view, formed an independent and adequate basis for the district court's 78–month sentence. If that was so, we do not need to reach whether it was proper to attribute to Perez–Luna custody and control of all 265.8 grams found in the apartment, including the drugs that were not in plain view. And, because Perez–Luna is serving concurrent sentences on the possession and the conspiracy counts, we do not need to reach the more difficult question of whether the evidence presented at trial was sufficient to sustain a conspiracy conviction. *See United States v. Rivera,* 282 F.3d 74, 77–78 (2d Cir.2002) (per curiam); *United States v. Berger,* 338 F.2d 485, 488 (2d Cir.1964). Nor do we need to determine whether *Crawford* or *Brady* errors were committed below, as each of these alleged errors, if proven, would be harmless as to possession, in light of the independent evidence of possession presented to the jury.[1]

Because we cannot be sure of the basis for Perez–Luna's sentence, we remand, retaining jurisdiction. *See United States v. Jacobson,* 15 F.3d 19 (2d Cir.1994). The mandate will issue if the district court determines that the quantity of drugs found in the apartment in plain view was sufficient for a sentence of 78 months on the possession charge. Otherwise, we will rule on the propriety of attributing to Perez–Luna custody and control of all 265.8 grams found in the apartment in applying the Sentencing Guidelines to the possession conviction. If further necessary, we will rule on Perez–Luna's challenge to the sufficiency of the evidence in support of his conspiracy conviction and, if appropriate, the other conspiracy-related issues Perez–Luna raises in this appeal.

We have considered all of the parties' remaining arguments and find them to be without merit. The decision of the district court is therefore AFFIRMED in part and REMANDED for clarification of the basis for Perez–Luna's sentence.

**YI LIN ZHANG, Petitioner,**

v.

---

1. Perez–Luna also argues that the evidence presented in support of the government's extradition application was overstated. Any error resulting from such an allegation is not rendered harmless by our affirmance of Per-

ez–Luna's possession conviction. His argument, however, is without merit. The alleged discrepancy between the evidence presented at trial and the statement of evidence in the extradition application is trivial.

Alberto R. GONZALES,* Respondent.

No. 03–4551–ag.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2005.

Karen Jaffe, New York, NY, for Petitioner.

Paul I. Perez, United States Attorney, Tamra Phipps, Assistant United States Attorney, Judy K. Hunt, Assistant United States Attorney, Tampa, FL, for Respondent.

PRESENT: Hon. WALKER, Chief Judge, Hon. GUIDO CALABRESI, and Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioner Yi Lin Zhang ("Zhang") petitions for review of an order of the BIA affirming the decision of an immigration judge ("IJ") ordering his removal to China and denying his applications for asylum, withholding of removal, and voluntary departure. We assume the parties' familiarity with the facts and procedural history of the case.

The IJ properly denied relief based on an adverse credibility finding that is supported by substantial evidence. Specifically, the IJ noted that Zhang was unable to provide detailed testimony about key events, such as his wife's allegedly coerced use of an IUD and the imposition of a fine on Zhang for having a second child. In

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of

addition, the IJ concluded that Zhang's testimony that he remained in bed when family planning officials raided his home was unbelievable. In sum, the IJ provided "specific, cogent reasons" for finding Zhang to be incredible, and those reasons "[bore] a legitimate nexus to" his asylum and withholding of removal claims. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

For these reasons, the petition for review is DENIED, and the decision of the BIA is AFFIRMED. Having completed our review, the stay of deportation previously granted in this petition is VACATED.

**UNITED STATES of America,**
**Appellee,**

v.

**Kristin CAMPBELL, Defendant–**
**Appellant.**

No. 05–3690–CR.

United States Court of Appeals,
Second Circuit.

Dec. 21, 2005.

the United States. *See* Fed. R.App. P. 43(c)(2).